## LEE *v.* HAMBY *et al.*

There was no error in sustaining the demurrer to the plaintiff's petition.

Submitted November 3, — Decided November 16, 1903.

Equitable petition.　Before Judge Gober.　Cobb superior court March 31, 1903.

*Bell & Wills*, for plaintiff.　*H. L. Patterson*, for defendants.

SIMMONS, C. J.　An equitable petition was filed by Elizabeth Lee to recover an interest as heir in certain lands which had once been owned by her mother.　The petition alleged, in brief, that the petitioner's mother had died in October, 1901, owing no debts, leaving as her children and sole heirs at law the petitioner, the defendants, and Martha Dunlap; that in October, 1879, the defendants fraudulently and wickedly combined and confederated together to wrong and defraud petitioner out of her interest in the mother's lands, which were described, by persuasion, false promises to take care of and support the mother, and falsely representing the feelings and affections of petitioner for her mother; that the mother being old and feeble and easily persuaded, they overcame, controlled, and subverted the will of the mother and, contrary to her real wish and free volition, induced her, without any consideration, to convey the lands to the defendants to the exclusion of petitioner and Martha Dunlap; that the defendants paid the mother rent for the lands as long as she lived; that as soon as the mother became aware of the fraud perpetrated upon her by the defendants and the wrongs they had done. petitioner and Martha Dunlap, "she became dissatisfied, and the defendants paid to said Martha Dunlap, upon compromise, the sum of one hundred dollars in settlement of her interest in said estate;" that petitioner received nothing, and is entitled to one sixth of the estate, upon which there has never been any administration.

The defendants demurred to the petition, and the trial judge sustained the demurrer. To this ruling the petitioner excepted.

While the allegations of the petition, taken as true, show that the defendants exercised a controlling influence over the mind of the mother at the time the deeds were executed, they also show that the mother, as soon as she discovered the fraud, became dissatisfied, and that the defendants then, by compromise and settlement, paid to another daughter a certain sum of money. The petition does not disclose when this compromise was made, how soon after the execution of the deeds, or within what portion of the twenty-two years the mother lived after making the conveyances to the defendants. In our opinion this allegation shows that while the mother's will may have been overpowered at the time she made the deeds, she afterward learned of the fraud at a time when it is not alleged that the undue influence or power continued. The settlement was made, and, so far as the record discloses, the mother was then satisfied. This would seem to have been an affirmance by her of the conveyances. The deeds were executed in 1879, and the grantor did not die until 1901. If she had undertaken, after the compromise, to have the deeds set aside, she would have been estopped by the compromise and the consideration paid in settlement. If she could not have had the deeds set aside, the petitioner, claiming under her, can not do so now. Moreover, from the time of the discovery of the fraud the statute of limitations commenced to run against the mother, and, so far as appears, she lived long enough thereafter to have been barred. If she was barred before her death, of course her daughter can not now maintain her action. Considering all of the allegations of the petition together, there was no error in sustaining the demurrer.

*Judgment affirmed. All the Justices concur.*